**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| INSURANCE SAFETY CONSULTANTS LLC and CHRISTOPHER ROBERTS, | Civil Case No. |
| Plaintiff, | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| v. | **JURY DEMAND** |
| CARRIE D. NUGENT, | |
| Defendant. | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Insurance Safety Consultants, LLC ("ISC") and Christopher Roberts ("Roberts") (collectively "Plaintiffs"), by and through undersigned counsel makes this complaint against Carrie D. Nugent ("Nugent" or "Defendants").

**I.**

**PARTIES**

1.     Plaintiff Insurance Safety Consultants, LLC is a Texas limited liability company with its principle place of business in Dallas County, Texas.

2.     Plaintiff Christopher Roberts is an individual residing in Denton County, Texas

3.     Defendant Carrie D. Nugent is an individual residing in 5167 Verde Valley Ln. #2515, Dallas, TX 75254.

**II.**

**JURISDICTION AND VENUE**

4.     Plaintiff asserts federal claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 and the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq*.).  This Court has subject matter jurisdiction over those claims under 28 U.S.C. § 1331.).

5.     The Court also has personal jurisdiction over the Defendant because the Defendant resides within the jurisdiction.

6.     Venue is appropriate in this jurisdiction as the acts giving rise to Plaintiff's cause of action arose within the Northern District of Texas.

### III.

### FACTS APPLICABLE TO ALL COUNTS

7.     Defendant Carrie D. Nugent was an employee of Insurance Safety Consultants beginning in February of 2013, following an ownership dispute regarding her previous employer, Safety and Environmental Solutions, LLC ("SES").

8.     Prior to Defendant's employment with ISC, SES had been owned by two individuals, Chris Roberts ("Roberts" and Kevin West ("West").

9.     Roberts left SES in January of 2013 and formed ISC.  Defendant Nugent began her employment with ISC shortly thereafter.

10.     West and SES filed a lawsuit against Roberts, ISC, in the 192nd Judicial District of Dallas County in January of 2013.  Defendant Nugent was added as a defendant in that action in February 2013.

11.     Defendant Nugent's deposition was taken on March 1, 2013, and the Court held temporary injunction proceedings culminating in a hearing on April 18, 2013.

12.     Sometime after her deposition, but prior to the April 18, 2013, injunction hearing, Defendant Nugent and her counsel met with counsel for West and SES.  Defendant Nugent told West and SES that she had supposedly given false testimony in her deposition on March 1, 2013.

13.     At the April 18, 2013, injunction hearing, Ms. Nugent testified that she had, in fact, given false testimony in her deposition and Ms. Nugent provided testimony that was

harmful to Mr. Roberts and ISC.  Defendant Nugent was non-suited from the lawsuit at that time by West and SES.

14.     Ms. Nugent's employment with ISC was terminated shortly after the April 18, 2013, injunction hearing.  Ms. Nugent accepted an offer to return to work for SES at that time.

15.     On December 10, 2014, Ms. Nugent was again deposed in connection with the ISC/SES litigation.

16.     During this deposition, Ms. Nugent testified that while employed by ISC, she had set up ISC email accounts for ISC employees, including owner Chris Roberts.  She further testified that in doing so, she created email passwords for Mr. Robert's ISC email address.  ISC's email was hosted with Microsoft Corporation, through its Office 365 email service.

17.     During this deposition, Ms. Nugent revealed for the first time that when she set up Chris Roberts email service, she also configured an email application, Microsoft Outlook on her personal laptop to allow her to access Chris Roberts' email.  This action was done without Roberts' or ISC's authorization.  This configuration allowed Ms. Nugent full access to all of Mr. Robert's ISC email communications both before and after her employment with ISC.

18.     Ms. Nugent further revealed that after she left ISC's employment, she continued to access Mr. Roberts email communications through her personal laptop and began forwarding a number of those communications to her new employer's owner, Kevin West of SES.

19.     Ms. Nugent continued to access Chris Roberts' ISC email and forward Mr. Robert's email communications and attached documents to Mr. West until at least May of 2014.

20.     Plaintiffs have incurred significant damages as a result of Defendant Nugent's unauthorized access of its owner, Chris Robert's emails.  Plaintiffs have paid significant amounts of money to computer experts to examine ISC's computers to discover the extent of Defendant

Nugent's unauthorized access and has incurred significant additional legal bills in the ISC/SES litigation as a result of Defendant's action.  ISC has also lost business from its customers as a result of Defendant's actions. Plaintiffs damages exceed $5,000 during a one year period.


## IV.

## CAUSES OF ACTION

### COUNT I – COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

21.     Plaintiff incorporates by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

22.     By accessing and transmitting Plaintiff's' email communications on the computers of Plaintiffs, Defendant has accessed protected computers, in the course of interstate commerce and/or communication, in excess of the authorization provided by Plaintiff as described in 18 U.S.C. § 1030(a)(2)(C).

23.     Defendant violated 18 U.S.C. § 1030(a)(2)(C) by intentionally accessing a protected computer without authorization and/or by exceeding the scope of that authorization and obtaining information therefrom.

24.     The computer Defendant accessed is a protected computers pursuant to 18 U.S.C. § 1030(e)(2)(B).

25.     Defendant's actions were knowing and/or reckless and, as outlined above, caused harm to Plaintiffs.

26.     Plaintiff has incurred damage and loss exceeding $5,000 during a one year period. Plaintiffs seek recovery for this loss, as well as injunctive relief, to prevent future harm.

**COUNT II -- VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 U.S.C. § 2510, ET SEQ.)**

27.     The ECPA broadly defines the "contents" of a communication, when used with respect to any wire, oral, or electronic communications, to include any information concerning the substance, purport, or meaning of that communication. 18 U.S.C. § 2510(8). "Contents," when used with respect to any wire or oral communication, includes any information concerning the identity of the parties to such communication or the existence, substance, purport, or meaning of that communication.

28.     Defendant violated 18 U.S.C. § 2511(1)(a) by intentionally intercepting and endeavoring to intercept Plaintiff's wire and/or electronic communications to, from, and within its computers.

29.     Defendant also violated 18 U.S.C. § 2511(1)(d) by intentionally using, and endeavoring to use the contents of Plaintiff's wire and/or electronic communications to profit from her unauthorized collection of Plaintiffs emails, despite knowing and having reason to know, that the information was obtained through interception of an electronic communication.

30.     Defendant intentionally obtained and/or intercepted, by device or otherwise, these wire and/or electronic communications, without the knowledge, consent or authorization of Plaintiff.

31.     Plaintiffs suffered harm as a result of Defendant's violations of the ECPA, and therefore seek (a) preliminary, equitable and declaratory relief as may be appropriate, (b) the sum of the actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, or statutory damages as authorized by 18 U.S.C. § 2520(2)(B), whichever is greater, (c) punitive damages, and (d) reasonable costs and attorneys' fees.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.


Dated: June 29, 2015

        /s/ Jeremy R. Wilson
Jeremy R. Wilson
State Bar No. 24037722
705 Ross Ave.
Dallas, Texas 75202
Telephone:  214.662.8456
Facsimile:  214.594.8844

**ATTORNEY FOR  INSURANCE SAFETY
CONSULTANTS, LLC**